IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ORLANDO DOSIA                                                             PLAINTIFF

v.                      Civil No. 6:23-CV-06082-SOH-CDC

JAILER M. CONBOY, LIEUTENANT                            DEFENDANTS
PLER, JAILER ZACK MARSHALL,
SHERIFF JASON WATON, and JOHN or
JANE DOE DEPUTIES (All of Clark County
Detention Center)

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed pursuant to 42 U.S.C. § 1983.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.  The case is currently before the Court for preservice screening pursuant to 28 U.S.C. § 1915A.[1]  Under § 1915A, the Court is required to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### I. BACKGROUND

Plaintiff filed his Complaint on July 10, 2023.  (ECF No. 1).  On July 11, 2023, the Court entered an Order directing Plaintiff to file an Amended Complaint to address deficiencies in his Complaint.  (ECF No. 7).  An Amended Complaint was filed on July 31, 2023, (ECF No. 9), wherein Plaintiff alleges that on March 22, 2023, he was assaulted by Inmate Balentine while they were both incarcerated in the Clark County Detention Center ("CCDC).  (*Id*. at 5).  He states he

---

[1] Enacted as part of the Prison Litigation Reform Act ("PLRA").

1

and Balentine were conversing in the B-pod area when Balentine "got mad," approached him in an "aggressive tone," and pushed him. (*Id*.). Plaintiff then asked Defendants Marshall and Plyer, the officers on duty at that time, to separate him from Balentine. (*Id*.). Plaintiff alleges Defendant Marshall refused to separate them and placed him back in B-pod. (*Id*. at 5-6). Several minutes after he was returned to B-pod, Balentine hit him, Plaintiff and Balentine "engaged in another physical altercation" where Plaintiff "defended himself." (*Id*. at 6). Defendant Conboy entered B-pod with an inmate trustee to break up the fight. (*Id*.). Plaintiff alleges he was taken to the drunk tank for 24 hours and then placed in C-pod on lockdown until he was transferred to the Arkansas Division of Correction's Omega Unit. (*Id*.). Plaintiff does not describe how long he was in C-pod lockdown before being transferred, stating only "it went on for several days."[2] (*Id*. at 11). Plaintiff alleges he was never given a disciplinary hearing and was refused an opportunity to use the kiosk tablet. (*Id*.). He further alleges he fractured his thumb in the altercation and was denied medical care. (*Id*. at 9).

Plaintiff proceeds against Defendants in their official capacities, and seeks compensatory damages, pain and suffering damages, and punitive damages. (*Id*. at 2-3, 9). While Plaintiff says he seeks prospective injunctive relief, he characterizes that request as one million dollars. (*Id*.).

## II.  LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

---

[2] Plaintiff later submitted a Notice of Address Change indicating he was incarcerated in the Hot Spring County Jail. (ECF No. 10). This remains his current address of record.

2

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.  ANALYSIS

While Plaintiff proceeds against Defendants only in their official capacities, the Amended Complaint's vague and conclusory allegations cannot support any official capacity claims. *See Nix v. Norman*, 879 F.2d 429, 433 (8th Cir. 1989) ("To establish liability in an official-capacity suit under section 1983, a plaintiff must show either that the official named in the suit took an action pursuant to an unconstitutional governmental policy or custom . . . or that he or she possessed final authority over the subject matter at issue and used that authority in an unconstitutional manner."); *Arnold v. Corizon, Inc*, No. 1:15CV62, 2015 WL 4206307, at *2 (E.D. Mo. July 10, 2015) (conclusory claims that defendants acted according to some unspecified

policies or customs are not enough to state official capacity claims). Plaintiff's personal experience concerning a single incident is not sufficient to support the existence of a widespread and persistent custom, and Plaintiff does not identify any written policy which violated his constitutionally protected rights. *See Johnson v. Douglas County Med. Dept.*, 25 F.3d 825, 829 (8th Cir. 2013) (A custom conflicting with a written policy can support an official capacity claim, but Plaintiff must show the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees).

## IV.  CONCLUSION

For these reasons, it is recommended that: (1) Plaintiff's Amended Complaint be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted; (2) Plaintiff/Petitioner be warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g) and thus, the Clerk is directed to place a § 1915(g) strike flag on the case for future judicial consideration; and (3) the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal would not be taken in good faith.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **24thday of August 2023**.

*Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE